UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re: Granulated Sugar
Antitrust Litigation

MDL No. 24-3110 (JWB/DTS)

**PRETRIAL ORDER NO. 3:
Lead Counsel and Steering
Committee Responsibilities, and
Application Process**

The Initial Pretrial Conference in this matter was held on August 20, 2024. Following that Conference, a schedule was set for Interim Leadership Counsel motions and briefing. A hearing on all Interim Leadership Counsel motions is set for October 28, 2024. In addition to appointing Lead Counsel for Plaintiffs, the Court intends to appoint Lead Counsel for Defendants. The Court also intends to appoint a Plaintiffs' Steering Committee and a Defendants' Steering Committee. This Order includes a nonexclusive description of the basic responsibilities of Lead Counsel and the Steering Committees, and of the selection process the Court will use to fill these positions.

**ORDER**

1. **APPLICATIONS / NOMINATIONS.** The Court intends to select Lead Counsel for the Plaintiffs and Lead Counsel for the Defendants to perform largely administrative functions, and to appoint a Plaintiffs' Steering Committee and a Defendants' Steering Committee to conduct and coordinate the discovery stage of this litigation.

**A.     LEAD COUNSEL.** The appointment of Lead Counsel shall be subject to the approval of the Court. Lead Counsel will be charged with essentially administrative functions. For example, Lead Counsel will be authorized to receive orders and notices from the Court on behalf of all parties within their group and will be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their group and the performance of other tasks determined by the Court. Lead Counsel must maintain complete files with copies of all documents served on them in hard copy or electronic form and must make such files available to parties within their group upon request. Lead Counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 5.2(e) of the Panel's Rules of Procedure or from the Court on behalf of all parties within their group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their group. The expenses incurred in performing the services of Lead Counsel shall be shared equally by all members of the respective group in a manner agreeable to the parties, or established by the Court failing such agreement.

   **i.     PLAINTIFFS' LEAD COUNSEL**. The Court has received motions from (1) Direct Purchaser Plaintiffs to appoint Interim Co-Lead Counsel and Plaintiffs' Steering Committee (Doc. No. 20); (2) Commercial Indirect Purchaser Plaintiffs to appoint Interim Co-Lead Counsel (Doc. No. 133); (3) Consensus Group to appoint Interim Co-Lead Counsel for the

2

Consumer Indirect Purchaser Class (Doc. No. 166); and (4) Person Warshaw, LLP and Robbins Geller Rudman & Dowd LLP to appoint Interim Co-Lead Counsel and for the creation of Plaintiffs' Steering Committee for the Consumer Indirect Purchaser Plaintiffs (Doc. No. 174).

    ii.    **DEFENDANTS' LEAD COUNSEL**. No later than **September 30, 2024**, counsel for Defendants shall confer and submit a maximum of three candidates for the position of Lead Counsel. Each candidate's name shall be submitted to the Court in a filing on ECF with other pertinent information for the Court to consider related to qualifications.

**B.**    **STEERING COMMITTEES.**

    i.    **PLAINTIFFS' STEERING COMMITTEE**. The Plaintiffs' Steering Committee ("PSC") shall, at a minimum, have the following responsibilities:

    (a)    DISCOVERY. The PSC shall:

- Initiate, coordinate, and conduct all pretrial discovery on behalf of Plaintiffs in all actions that are consolidated with the instant Multidistrict Litigation;

- Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all Plaintiffs;

- Cause to be issued in the name of all Plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the trial of relevant issues; and

- Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all Plaintiffs consistent with practice guidelines to be established in subsequent discovery plans or orders of this Court.

    (b)    HEARINGS AND MEETINGS. The PSC shall:

- Call meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court;

- Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings;

- Examine witnesses and introduce evidence at hearings on behalf of Plaintiffs; and

- Communicate on behalf of all Plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any Plaintiff's counsel to present non-repetitive individual or different positions.

    (c)    MISCELLANEOUS. The PSC shall:

- Submit and argue any oral or written motions presented to the Court on behalf of the PSC and oppose when necessary any motions submitted by the Defendants or other parties which involve matters within the sphere of the PSC;

- Negotiate and enter into stipulations with the Defendants' Steering Committee regarding this litigation. All such stipulations must be submitted to the Court for approval, except for purely administrative details. Any attorney not in agreement with a non-administrative stipulation may file with the Court a written objection within 14 days after they know or reasonably should have become aware of the

stipulation. Failure to timely object shall be deemed a waiver, and the stipulation shall be binding on that party;

- Explore, develop, and pursue all settlement options pertaining to any claim or portion of any claim or portion of any case filed in this litigation;

- Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by Plaintiffs or their attorneys;

- Prepare periodic status reports summarizing the PSC's work and progress. These reports must be submitted to the Plaintiffs' Lead Counsel, who will promptly distribute copies to the other Plaintiffs' attorneys; and

- Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined or authorized by the Court's orders.

- Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

ii. **APPLICATION FOR PLAINTIFF'S STEERING COMMITTEE.**

The Court invites the submission, no later than **September 30, 2024**, of individual applications for PSC member positions (Lead Counsel applications have already been received). The applications must be filed in the MDL No. 24-3110 (JWB/DTS) case. The main criteria considered will be willingness and availability to commit to a time-consuming project, ability to work cooperatively with others, and professional experience in this type of litigation. Applications should succinctly address each of the above criteria and any other relevant matters. No submissions longer than

5

**three pages** will be considered. Only attorneys of record in this litigation may apply. Any objections to the appointment of any applicant must be in writing and must be filed in the MDL No. 24-3110 (JWB/DTS) case no later than **October 14, 2024**. Objections must be succinct and supported. Finally, no later than **October 21, 2024**, applicants may file in the MDL No. 24-3110 (JWB/DTS) case a reply to any such objection lodged against them.

     **iii.**    **DEFENDANTS' STEERING COMMITTEE.** The Defendants' Steering Committee ("DSC") shall, at a minimum, have the following responsibilities:

     (a)    DISCOVERY. The DSC shall:

- Initiate, coordinate, and conduct all pretrial discovery on behalf of Defendants in all actions that are consolidated with the instant Multidistrict Litigation;

- Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all Defendants;

- Cause to be issued in the name of all Defendants the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the trial of relevant issues; and

- Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all Defendants, consistent

with practice guidelines to be established in subsequent discovery plans or orders of this Court.

(b)     HEARINGS AND MEETINGS. The DSC shall:

- Call meetings of Defendants' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court;

- Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings;

- Examine witnesses and introduce evidence at hearings on behalf of Defendants; and

- Communicate on behalf of all Defendants at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any Defendant's counsel to present non-repetitive individual or different positions.

(c)     MISCELLANEOUS. In addition, the DSC shall:

- Submit and argue any oral or written motions presented to the Court on behalf of the DSC and oppose when necessary any motions submitted by the Plaintiffs or other parties which involve matters within the sphere of the DSC;

- Negotiate and enter into stipulations with the Plaintiffs' Steering regarding this litigation. All such stipulations must be submitted to the Court for approval, except for purely administrative details. Any attorney not in agreement with a non-administrative stipulation may file with the Court a written objection within 14 days after they know or reasonably should have become aware of the stipulation. Failure to timely object shall be deemed a waiver, and the stipulation shall be binding on that party;

- Explore, develop, and pursue all settlement options pertaining to any claim or portion of any claim or portion of any case filed in this litigation;

- Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by Defendants or their attorneys;

- Prepare periodic status reports summarizing the DSC's work and progress. These reports shall be submitted to the Defendants Lead Counsel, who will promptly distribute copies to the other Defendants' attorneys; and

- Perform any task necessary and proper for the DSC to accomplish its responsibilities as defined or authorized by the Court's orders.

- Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

    **iv.**    **APPLICATION FOR DEFENDANTS' STEERING COMMITTEE.**

The Court invites the submission, no later than **September 30, 2024**, of individual applications for DSC member positions. The applications must be filed in the MDL No. 24-3110 (JWB/DTS) case. The main criteria considered will be willingness and availability to commit to a time-consuming project, ability to work cooperatively with others, and professional experience in this type of litigation. Applications should succinctly address each of the above criteria and any other relevant matters. No submissions longer than **three pages** will be considered. Only attorneys of record in this litigation may apply. Any objections to the appointment of any applicant must be in writing and must be filed in the MDL No. 24-3110

(JWB/DTS) case no later than **October 14, 2024**. Objections must be succinct and supported. Finally, no later than **October 21, 2024**, applicants may file in the MDL No. 24-3110 (JWB/DTS) case a reply to any such objection lodged against them.

2. **HEARING ON STEERING COMMITTEES.** A status conference will be held on **October 28, 2024, at 1:00 p.m.** in Courtroom 3B, United States Courthouse, 316 N. Robert Street, St. Paul, Minnesota. At the conference, the Court will conduct a hearing on the applications for the parties' Lead Counsel and the composition of the steering committees.

3. **PRESERVATION.** All parties and their counsel are reminded of their duty, consistent with the Federal Rules of Civil Procedure, to take reasonable measures to preserve documents, electronically stored information and things that are potentially relevant.

4. **COMMUNICATION WITH THE COURT**. Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to all other counsel.

Date:   September 18, 2024                              *s/ Jerry W. Blackwell*
                                                        JERRY W. BLACKWELL
                                                        United States District Judge